UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DARTEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>REDWOOD PROPERTY INVESTORS III, LC, et al.,<br><br>Defendants. | Case No. 26-cv-01644-SK<br><br>**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE**<br><br>Regarding Docket No. 3 |

Before the Court is the application by Tamisha Latimore ("Plaintiff") to proceed *in forma pauperis* ("IFP"). (Dkt. No. 3.) Because Plaintiff's application is lacking in sufficient detail, the Court DENIES Plaintiff's application WITHOUT PREJUDICE.

The *in forma pauperis* statute, 28 U.S.C. § 1915, permits an indigent litigant to commence a civil action in federal court without prepaying the filing fee. 28 U.S.C. § 1915. To qualify to proceed *in forma pauperis*, the litigant must submit an affidavit that includes a statement of all the assets they possess. *Id.* The affidavit must also state that the person is unable to pay the fees or give security. *Id.* Additionally, the affidavit must provide "sufficient details concerning [the applicant's] income, assets, and expenditures." *Williams v. Cnty. of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (an affidavit claiming poverty in support of a motion made under 28 U.S.C. § 1915 must state the relevant facts "with some particularity, definiteness, and certainty"). A district court has discretion to deny a deficient affidavit. *Venable v. Meyers*¸ 500 F.2d 1215, 1216 (9th Cir. 1974) (per curiam).

Here, Plaintiff's application lacks sufficient detail for the Court to determine whether she satisfies the statutory requirements. In her application, Plaintiff indicated that she is not presently

United States District Court
Northern District of California

employed, but did not clearly indicate the following: (1) her date of last employment and associated wage information; (2) whether she owns or is in the process of purchasing a home; (3) whether she owns an automobile; (4) whether she has a bank account, owns any cash, or has any other assets;  (5) her monthly expenses; (6) her debts; and (7) whether the complaint she is seeking to file raises claims that have been presented in other lawsuits.  (Dkt. No. 3.)

Because the Court cannot discern Plaintiff's past income, monthly expenses, assets, and debts from her application, Plaintiff's application is DENIED as incomplete.  Plaintiff shall have through **April 1, 2026** to file another application to proceed IFP.  Should Plaintiff seek to file another application, Plaintiff must fully fill out the application to the best of her ability.

The Court ADVISES Plaintiff that the district court has produced a guide for pro se litigants called Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, which provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  It is available electronically online (https://perma.cc/ANQ4-N2ZT) or in hard copy free of charge from the Clerk's Office.  The Court additionally has a website with resources for pro se litigants (https://www.cand.uscourts.gov/pro-se-litigants/).  The Court further advises Plaintiff that she also may wish to seek assistance from the Legal Help Center.  Plaintiff may call the Legal Help Center at 415-782-8982 or email fedpro@sfbar.org for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED**.

Dated: March 3, 2026

_____
SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California