**GARY DARTEZ**
20 E 16th Street, Unit #203
Antioch, CA 94509
Email: Gary.Dartez.Email@gmail.com

Plaintiff, In Pro Per

**TAMISHA LATIMORE**
20 E 16th Street, Unit #203
Antioch, CA 94509
Email: Tamisha.Latimore@gmail.com

Plaintiff, In Pro Per

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DARTEZ and TAMISHA LATIMORE, <br><br> Plaintiffs. <br><br> vs. <br><br> REDWOOD PROPERTY INVESTORS III, LLC, a California Limited Liability Company; CITY OF ANTIOCH, a Municipal Corporation; and DOES 1 through 50, inclusive. <br><br> Defendants. | Case No. 4:26-cv-01644-HSG <br><br> **PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT AND REQUEST TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE DUE TO PENDING IFP APPLICATIONS, UNSERVED DEFENDANTS, AND NO RULE 26(f) CONFERENCE** <br><br> Judge:        Hon. Haywood S. Gilliam, Jr. <br> CMC Date:   June 2, 2026 <br> Time:         2:00 P.M. |

**PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT AND REQUEST TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE DUE TO PENDING IFP APPLICATIONS, UNSERVED DEFENDANTS, AND NO RULE 26(f) CONFERENCE**

*Gary Dartez and Tamisha Latimore v. Redwood Property Investors III, LLC et al., Case No. 4:26-cv-01644-HSG*

Plaintiffs Gary Dartez and Tamisha Latimore, appearing in propria persona, respectfully submit this Separate Case Management Statement and request that the Court continue the Initial Case Management Conference and related deadlines. Plaintiffs' applications to proceed in forma pauperis remain pending, no summons has been issued for service of the operative complaint, no Defendant has been served, no Defendant has appeared, and no Rule 26(f) conference could occur.

1.    **Procedural Status**

A.  Plaintiffs filed this civil rights action in the Northern District of California.

B.  Plaintiffs submitted applications to proceed in forma pauperis.

C.  Plaintiffs' IFP applications remain pending.

D.  No summons has issued for service of the operative complaint, and service has not been completed.

E.  No Defendant has appeared.

F.  Because no Defendant has been served or appeared, Plaintiffs could not conduct a Rule 26(f) conference or prepare a joint Case Management Statement.

G.  Plaintiffs therefore file this separate statement under Civil Local Rule 16-9 and request that the Initial Case Management Conference be continued.

2.    **Request to Continue Case Management Conference**

Plaintiffs request that the Court continue the Initial Case Management Conference and related deadlines until after:

A.  The Court rules on Plaintiffs' pending IFP applications;

B.  Summons and service issues are resolved;

C.  The operative complaint is served;

PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT AND REQUEST TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE DUE TO PENDING IFP APPLICATIONS, UNSERVED DEFENDANTS, AND NO RULE 26(f) CONFERENCE
*Gary Dartez and Tamisha Latimore v. Redwood Property Investors III, LLC et al., Case No. 4:26-cv-01644-HSG*

2 OF 8

D.  Defendants appear or respond; and

E.  The parties can conduct a Rule 26(f) conference.

Plaintiffs request that the Court reset the Case Management Conference approximately 60 to 90 days after service of the operative complaint is completed, or on another date the Court finds appropriate.

## 3.    Jurisdiction and Service Status

Plaintiffs allege federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343. Plaintiffs assert claims involving federal civil rights, fair housing, disability access, due process, public records, retaliation, displacement, property deprivation, and related state-law claims within supplemental jurisdiction.

Service has not been completed because Plaintiffs' IFP applications remain pending. Plaintiffs request that service deadlines and related obligations be addressed after the Court rules on IFP status.

## 4.    Statement of Claims

Plaintiffs allege Defendants caused or contributed to unsafe housing conditions, retaliation, disability-related harm, denial of meaningful administrative protection, record withholding, displacement from long-term housing, loss of property, emotional distress, mitigation damages, and related civil rights injuries.

Plaintiffs further allege that the City of Antioch Rent Program failed to provide fair due process, meaningful disability access, timely administrative action, and complete public records compliance.

PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT AND REQUEST TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE DUE TO PENDING IFP APPLICATIONS, UNSERVED DEFENDANTS, AND NO RULE 26(f) CONFERENCE
*Gary Dartez and Tamisha Latimore v. Redwood Property Investors III, LLC et al., Case No. 4:26-cv-01644-HSG*

3 OF 8

5.      **Amendment of Pleadings**

Plaintiffs reserve their right to amend the complaint to clarify parties, claims, damages, non-duplication of remedies, and related factual allegations before service is completed or as otherwise permitted pursuant to Federal Rule of Civil Procedure 15(a)(1).

Plaintiffs reserve the right to add, substitute, or clarify named defendants after further review, service, public records production, discovery, and identification of Doe defendants.

6.      **Principal Issues**

The principal factual and legal issues include:

A.  Whether Plaintiffs were subjected to unsafe housing conditions and habitability failures;

B.  Whether Redwood Property Investors III, LLC had notice of those conditions;

C.  Whether Plaintiffs engaged in protected activity by requesting repairs, withholding rent, filing a Rent Petition, requesting records, asserting disability-related rights, and opposing retaliation;

D.  Whether Defendants retaliated through notices, unlawful detainer proceedings, possession pressure, record withholding, and displacement-related tactics;

E.  Whether Plaintiff Latimore was targeted or treated adversely because of disability, residency, or protected association;

F.  Whether the City of Antioch Rent Program denied fair due process, meaningful disability access, timely procedure, and proper evidence handling;

G.  Whether public records, administrative records, hearing materials, and related evidence were delayed, withheld, altered, or not preserved;

**PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT AND REQUEST TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE DUE TO PENDING IFP APPLICATIONS, UNSERVED DEFENDANTS, AND NO RULE 26(f) CONFERENCE**
*Gary Dartez and Tamisha Latimore v. Redwood Property Investors III, LLC et al., Case No. 4:26-cv-01644-HSG*

4 OF 8

H.  Whether Plaintiffs suffered displacement, emotional distress, disability-related harm, property loss, mitigation damages, and civil rights injury.

## 7.  Discovery and Initial Disclosures

Discovery is not ripe because no Defendant has been served or appeared, no Rule 26(f) conference occurred, and no discovery plan could be prepared.

Plaintiffs request that discovery deadlines and initial disclosure deadlines be continued until after IFP status is resolved, service is completed, Defendants appear, and the parties conduct a Rule 26(f) conference.

## 8.  Evidence Preservation

Plaintiffs request preservation of all potentially relevant evidence, including Rent Program records, administrative records, hearing recordings, exhibits, CPRA files, tenant communications, maintenance records, pest control records, notices, unlawful detainer documents, AppFolio/portal records, emails, texts, metadata, audit trails, property removal records, storage/disposal records, and disability access communications.

Plaintiffs reserve the right to seek preservation, production, evidentiary, or remedial relief if evidence is deleted, altered, withheld, concealed, or destroyed.

## 9.  ADR / Settlement

ADR cannot be meaningfully selected because no Defendant has appeared and no Rule 26(f) or ADR meet-and-confer occurred.

Plaintiffs are open to mediation or a settlement conference after Defendants are served and appear, provided ADR does not delay necessary preservation, record production, or case management obligations.

PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT AND REQUEST TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE DUE TO PENDING IFP APPLICATIONS, UNSERVED DEFENDANTS, AND NO RULE 26(f) CONFERENCE
*Gary Dartez and Tamisha Latimore v. Redwood Property Investors III, LLC et al., Case No. 4:26-cv-01644-HSG*

5 OF 8

**10.    Related Proceedings**

Plaintiffs disclose the following related state proceedings:

**A.  State Writ of Mandamus Proceeding**

**Case Name:** Gary Dartez and Tamisha Latimore v. City of Antioch; Antioch Rental Program; Redwood Property Investors III, LLC; and Does 1-50

**Court:** Superior Court of California, County of Contra Costa

**Case No.** N25-1849

**Date Filed:** September 17, 2025

**Nature of Case:** Verified writ/mandamus proceeding concerning the City of Antioch's Rent Program, administrative record production, CPRA/public records issues, statutory compliance, hearing materials, timeliness of the Rent Program decision, and related administrative process issues.

**B.  Full Accounting Action**

**Case Name:** Gary Dartez v. Redwood Property Investors III, LLC and Does 1-25

**Court:** Superior Court of California, County of Contra Costa

**Case No.** C26-00315

**Date Filed:** January 29, 2026

**Nature of Case:** State full accounting action concerning Redwood's ledgers, AppFolio records, rent/payment history, lease records, metadata, payment application, alleged overcharges, and accounting-specific remedies.

Plaintiffs do not concede that these actions are duplicative. The federal action seeks civil rights, disability, due process, CPRA, displacement, property loss, emotional distress, mitigation,

PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT AND REQUEST TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE DUE TO PENDING IFP APPLICATIONS, UNSERVED DEFENDANTS, AND NO RULE 26(f) CONFERENCE
*Gary Dartez and Tamisha Latimore v. Redwood Property Investors III, LLC et al., Case No. 4:26-cv-01644-HSG*

6 OF 8

and statutory remedies. The state writ action seeks mandamus/administrative record relief. The full accounting action seeks accounting-specific relief. Plaintiffs do not seek double recovery.

Plaintiffs will file a separate Notice of Pendency of Other Action or Proceeding under Civil Local Rule 3-13 to disclose these related state proceedings and preserve a clear nonduplication record.

## 11.   Relief Sought

Plaintiffs seek compensatory damages, statutory damages, civil penalties, declaratory relief, injunctive relief, record production relief, preservation relief, property loss damages, emotional distress damages, disability-related damages, mitigation damages, punitive damages against private defendants only where authorized by law, costs, recoverable statutory fees, and other relief authorized by law.

## 12.   Trial

Plaintiffs demand a jury trial on all claims so triable.

Because no Defendant has been served or appeared, it is premature to set trial dates, discovery deadlines, expert deadlines, dispositive motion deadlines, or pretrial deadlines.

## 13.   Requested Schedule

Plaintiffs respectfully request the following framework:

A.   Court rules on pending IFP applications;

B.   Summons and service issues are resolved;

C.   Operative complaint is served;

D.   Defendants appear or respond;

E.   Parties conduct Rule 26(f) conference;

F.   Parties file a joint or separate Case Management Statement;

**PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT AND REQUEST TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE DUE TO PENDING IFP APPLICATIONS, UNSERVED DEFENDANTS, AND NO RULE 26(f) CONFERENCE**
*Gary Dartez and Tamisha Latimore v. Redwood Property Investors III, LLC et al., Case No. 4:26-cv-01644-HSG*

7 OF 8

G. Court holds Initial Case Management Conference and sets ADR/discovery/pretrial schedule.

**14.    Requested Order**

Plaintiffs respectfully request that the Court:

1. Continue the Initial Case Management Conference;

2. Continue all related Rule 26(f), initial disclosure, ADR, discovery, and case management deadlines;

3. Permit Plaintiffs to file an amended complaint before service is completed or as otherwise allowed by rule or order;

4. Require an updated Case Management Statement after IFP status and service issues are resolved; and

5. Grant such other relief as the Court deems just and proper.


DATED: May 25, 2026                    Respectfully submitted,


By: /s/ Gary Dartez

**Gary Dartez**
20 E 16th Street, Unit #203
Antioch, CA 94509
Email: Gary.Dartez.Email@gmail.com
Plaintiff, In Pro Per


By: /s/ Tamisha Latimore

**Tamisha Latimore**
20 E 16th Street, Unit #203
Antioch, CA 94509
Email: Tamisha.Latimore@gmail.com
Plaintiff, In Pro Per

**PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT AND REQUEST TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE DUE TO PENDING IFP APPLICATIONS, UNSERVED DEFENDANTS, AND NO RULE 26(f) CONFERENCE**
*Gary Dartez and Tamisha Latimore v. Redwood Property Investors III, LLC et al., Case No. 4:26-cv-01644-HSG*