UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY DARTEZ, et al.,

        Plaintiffs,

    v.

REDWOOD PROPERTY INVESTORS III, LC, et al.,

        Defendants.

Case No. 26-cv-01644-HSG

**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL AND GRANTING APPLICATIONS TO PROCEED IN FORMA PAUPERIS**

Re: Dkt. No. 15

Pending before the Court are pro se Plaintiffs Gary Dartez and Tamisha Latimore's renewed applications to proceed *in forma pauperis*. Dkt. No. 15. Plaintiffs originally filed their applications in February 2026. *See* Dkt. Nos. 2, 3. The Court denied the applications without prejudice to refiling because they lacked sufficient detail about Plaintiffs' respective finances.[1] *See* Dkt. Nos. 6, 7. Plaintiffs then filed a document styled as an administrative motion to file under seal. Dkt. No. 15. In it, Plaintiffs have renewed their applications to proceed *in forma pauperis* and also seek to seal information contained in their applications and affidavits. *Id.*

## I. ADMINISTRATIVE MOTION TO SEAL

### A. Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of

---

[1] The case was initially assigned to Judge Sallie Kim then later reassigned. *See* Dkt. No. 10.

United States District Court
Northern District of California

access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal "must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of

harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

### B.   Discussion

The Court applies the good cause standard to Plaintiffs' request to seal portions of their applications to proceed *in forma pauperis*. Plaintiffs state that they wish to seal "financial identifiers – such as banking institution names and account identifiers" in their applications. *See* Dkt. No. 15 at 2. Plaintiffs contend that they are especially concerned about protecting such information because they have had "ongoing data security incidents, prior breaches of personal and financial information, and related litigation involving unauthorized disclosure of sensitive data." *Id.* at 2–3. However, none of the information they seek to seal—such as the name of their respective banking institutions—contains personal identifying information or information that could compromise the security of their accounts. In short, Plaintiffs have not shown that any specific prejudice or harm would result from their unredacted applications being made public. The Court therefore **DENIES** Plaintiffs' administrative motion to seal. Plaintiffs are **DIRECTED** to file public, unredacted versions of their applications and affidavits by July 13, 2026.

## II.   APPLICATIONS TO PROCEED IN FORMA PAUPERIS

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action and that the action states a claim on which relief may be granted. 28 U.S.C. § 1915(a)(1), (e)(2); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). If the Court determines that the action "fails to state a claim on which relief may be granted," it must dismiss the case. 28 U.S.C. § 1915(e)(2)(B)(ii). Having considered Plaintiffs' renewed applications and the complaint, the Court **GRANTS** the applications to proceed *in forma pauperis*.

## III.   CONCLUSION

The Court **DENIES** the administrative motion to file under seal, but **GRANTS** Plaintiffs' applications to proceed *in forma pauperis*. Dkt. No. 15. The Court **DIRECTS** Plaintiffs to file public, unredacted versions of their applications and affidavits by July 13, 2026.

The Clerk of Court shall issue the summons. Furthermore, the U.S. Marshal for the

3

Northern District of California shall serve, without prepayment of fees, a copy of the complaint; any amendments or attachments; Plaintiffs' renewed applications at Dkt. No. 15; and this order upon Defendant(s).  While this case is pending, Plaintiffs must promptly inform the Court of any change of address.  Failure to do so may result in dismissal of this action.

**IT IS SO ORDERED.**

Dated:   6/17/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

4