UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY DARTEZ, et al.,

Plaintiffs,

v.

REDWOOD PROPERTY INVESTORS III, LC, et al.,

Defendants.

Case No. 26-cv-01644-HSG

**ORDER TERMINATING MOTION TO DISMISS, GRANTING REQUEST FOR ADDITIONAL TIME TO RESPOND TO AMENDED COMPLAINT, AND DENYING MOTION TO STAY**

Re: Dkt. Nos. 26, 36, 44

On September 2, 2026, Plaintiffs Gary Dartez and Tamisha Latimore filed an amended complaint ("FAC"). Dkt. No. 40. The Court ordered Defendants to show cause why their pending motion for a more definite statement and motion to dismiss, Dkt. Nos. 34 and 36, should not be terminated as moot in light of the amended complaint. Defendant Redwood Property Investors, LLC withdrew its motions, *see* Dkt. No. 42, and Defendant City of Antioch agreed that its motion is now moot, Dkt. No. 44. The Court accordingly **TERMINATES AS MOOT** the City's motion to dismiss, Dkt. No. 36, and **DISCHARGES** the order to show cause, Dkt. No. 41.

As part of the response to the order to show cause, Defendants state that they have attempted to meet and confer with Plaintiffs regarding an extension of time to respond to the FAC, but Plaintiffs have not responded. *See* Dkt. No. 44 at 3. They ask the Court to extend their deadline to respond to the FAC. *Id.* The Court agrees that additional time is warranted under the circumstances, and thus **GRANTS** the request. *Id.* Defendants' response to the FAC is extended to September 30, 2026. Plaintiffs' deadline to oppose any motion is likewise extended to October 28, 2026. *See* Dkt. No. 45 (Plaintiffs' statement in opposition to the extension request).

Defendant City of Antioch previously moved for a temporary stay of the case through

United States District Court
Northern District of California

October 27, 2026, under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). *See* Dkt. No. 26. The City suggests in its response to the order to show cause that such a stay is still warranted. *See* Dkt. No. 44 at 1–2. The City argues that Plaintiffs have two other related matters pending in state court. Specifically, Plaintiffs filed a Writ Petition in Contra Costa County Superior Court against the City and Redwood Property Investors III, LLC, and a complaint in Contra Costa County Superior Court against Redwood Property Investors. The City urges that these matters all "arise out of the City's administrative Rent Program . . . under which Plaintiffs successfully obtained a rent reduction and a refund for a portion of the past rent overcharges." *See* Dkt. No. 26 at 1. As such, the cases all appear to share a core nucleus of facts related to Plaintiffs' prior tenancy in Antioch, California. However, it is not clear on the record before the Court whether and to what extent the state court matters overlap with the claims as alleged in the FAC. Additionally, as the Supreme Court has stated, the *Colorado River* doctrine should only be invoked in "exceptional circumstances." *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983). The Court thus **DENIES** the motion for a temporary stay on the record before it. Dkt. No. 26. If Defendants continue to believe that a stay is warranted, Defendants may file a noticed motion for a stay (*not* an administrative motion). However, the Court cautions Defendants that the cursory analysis of the *Colorado River* doctrine provided in the prior motion will not be sufficient.

**IT IS SO ORDERED.**

Dated: 9/15/2026

Haywood S. Gill, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge